**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

DAVID E. CARNEGIE,             )
                              )
           Petitioner,         )
                              )
     v.                     )      Civil Action No.  16-0022 (BAH)
                              )
UNITED STATES PAROLE COMMISSION,   )
                              )
           Respondent.       )

**MEMORANDUM OPINION**

This matter is before the Court on David E. Carnegie's petition for a writ of habeas corpus.  For the reasons discussed below, the petition will be denied.[1]

I. BACKGROUND

On April 25, 2012, petitioner was sentenced in the Superior Court of the District of Columbia to a 24-month term of incarceration on his conviction for attempted distribution of a controlled substance (heroin), followed by a 5-year term of supervised release.  *See* U.S. Parole Comm'n's Opp'n to Pet. for Writ of Habeas Corpus [ECF No. 6] ("Comm'n Opp'n"), Ex. A (Judgment in a Criminal Case, *United States v. Carnegie*, No. 2011 CF2 012102 (D.C. Super. Ct. Apr. 25, 2012).  While on release status, petitioner was arrested on July 5, 2014 in Prince George's County, Maryland and released on bond.  *See id.*, Ex. B (Warrant Application) at 2.  Based on this arrest, on July 22, 2014, the United States Parole Commission ("Commission") charged petitioner with the following violation of the conditions of supervised release:

> Charge No. 1 – Law Violation. a) Possession of a Controlled
> Substance [crack cocaine]; b) Possession of a Controlled Substance

---

[1]  The Court also will deny petitioner's Motion for Writ of Habea[s] Corpus [ECF No. 10].

[cocaine hydrochloride]; c) Possession with Intent to Distribute [crack cocaine]; d) Possession with Intent to Distribute [cocaine hydrochloride]; e) Firearm/Drug Traffic Crime; f) Handgun in Vehicle; and g) CDS – Possession of Firearms.

*Id*., Ex. B (Warrant Application) at 2 (emphasis removed).  The Commission issued a violator warrant on July 23, 2014.  *See id*., Ex. B (Warrant).

"On November 5, 2015, petitioner was arrested in the District of Columbia pursuant to a Maryland warrant issued on December 9, 2014."  *Id*. at 2; *see id*., Ex. C (Affidavit in Support of an Arrest Warrant dated November 5, 2015).  Three additional warrants were served on petitioner on November 12, 2015, November 13, 2015, and December 21, 2015, and petitioner waived extradition with respect to the December 21, 2015 warrant.  *See id*. at 2 & Ex. E (Order for Return of Fugitive Upon Waiver).  At that time, petitioner was already in custody on the Maryland warrants and, consequently, the U.S. Marshals Service followed the Commission's instructions, *see id*., Ex. B (Memorandum dated July 22, 2014), to lodge its warrant as a detainer. Due to the detainer, petitioner remained in the District of Columbia notwithstanding his waiver of extradition to Maryland.  *See id*. at 3.

Meanwhile, on December 14, 2015, petitioner filed this petition for a writ of habeas corpus,[2] alleging that he had been detained unlawfully since November 5, 2015, because the Commission had not executed its warrant promptly and conducted a hearing within a reasonable length of time.  *See* Pet. at 9.

"Following the confusion caused by the multiple outstanding fugitive warrants," Comm'n Opp'n at 3, the Commission's warrant was not executed until January 12, 2016, *see id*., Ex. B

---

[2]  The Court treats the petition as if it were filed on December 14, 2015, the date on which the Clerk of Court received the petition and petitioner's application to proceed *in forma pauperis*.

(United States Marshal's Return to United States Parole Commission).  Petitioner's probable

cause hearing initially was set for January 15, 2016, and was continued to February 2, 2016 at

petitioner's request.  *Id*. at 3.  At the February 2, 2016 hearing, the examiner found probable

cause on all elements of the charge.  *See generally id*., Ex. F (D.C. Probable Cause Hearing

Digest).  A revocation hearing was then scheduled initially for March 14, 2016, *see id*., Ex. F at

5, but continued to April 6, 2016, *see* Notice (Second) as to Local Revocation Hearing [ECF No.

13], because "[a] witness for the Commission was unable to attend the hearing due to obligations

before another court," Notice as to Local Revocation Hearing [ECF No. 12].

## II. DISCUSSION

"[R]espondent concedes that petitioner was functionally taken into custody on the . . .

Commission's warrant starting on December 21, 2015, the date he waived extradition on his final

fugitive warrant."  Comm'n Opp'n at 4.  Thus, respondent acknowledges that petitioner was held

for 25 days before his first scheduled probable cause hearing, *id*., a time period that exceeds the

five-day period within which a probable cause hearing ordinarily should have been held, *see* 28

C.F.R. § 2.214(a).[3]

A delay in conducting a revocation hearing "is not itself a valid ground for immediate

release," and instead a releasee's "remedy . . . is an action to compel a hearing."  *Hill v.*

*Johnston*, 750 F. Supp. 2d 103, 105-06 (D.D.C. 2010); *see Sutherland v. McCall*, 709 F.2d 730,

732 (D.C. Cir. 1983) (finding that the appropriate remedy for a delayed parole revocation

---

[3] "A supervised releasee who is retaken and held in custody in the District of Columbia on a warrant issued by the
Commission, and who has not been convicted of a new crime, shall be given a probable cause hearing by an
examiner of the Commission no later than five days from the date of such retaking."  28 C.F.R. § 2.214(a).
Currently, whether the petitioner has been convicted of a "new crime" for which the Commission's warrant was
issued is unclear. Respondent represents that a motions hearing had been scheduled for March 18, 2016, and a trial
had been scheduled for April 7, 2016 in the Prince George's County Circuit Court. *See* Comm'n Opp'n at 2 n.1.

hearing "is a writ of *mandamus* to compel the [USPC's] compliance . . . not a writ of habeas corpus to compel release . . . or to extinguish the remainder of the sentence" (emphasis in original)).  Even if the delay were substantial, petitioner would be entitled to habeas relief on this ground only if he could establish "actual prejudice" arising from the delay.  *See Sutherland*, 709 F.2d at 733 (denying habeas petition absent showing that a 33-month delay prejudiced the petitioner's defense at the hearing).  Petitioner merely states in conclusory fashion that the delay in conducting the probable cause and revocation hearings "is in violation of [his] due process and constitutional rights which is unreasonable and prejudiced[.]"  Pet'r's Opp'n to Resp't's Mot. [ECF No. 11] at 2.  Absent any showing by petitioner that he was prejudiced by a seemingly minor delay, part of which is due to his own request for a continuance, he fails to demonstrate that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3).

Accordingly, the petition for a writ of habeas corpus will be denied.  An Order is issued separately.

/s/ *Beryl A. Howell*

BERYL A. HOWELL
Chief Judge

DATE: April 24, 2016